IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| LAURA COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| | ) | |
| BIBB COUNTY BOARD OF EDUCATION, | ) | 98-C-1396-W |
| | ) | |
| Defendant. | ) | |

FILED MAY 3 1 1999
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

ENTERED JUN 0 1 1999

**MEMORANDUM OF OPINION**
**GRANTING MOTION FOR SUMMARY JUDGMENT**

The defendant Bibb County (Alabama) Board of Education ("BCBE") has moved for summary judgment on the plaintiff Laura Collins' claim of disability discrimination. Because the material facts are not genuinely in dispute, and BCBE is entitled to judgment as a matter of law, the motion is due to be granted.

The Undisputed Facts

The plaintiff was initially hired fulltime by BCBE as a Spanish teacher for the 1994-95 school year. The plaintiff taught at Bibb County High School ("BCHS") in the mornings and at West Blocton High School ("WBHS") in the afternoons. During her third-year of fulltime employment with the defendant, new principals were installed at BCBE (Dr. Ed. Brown) and WBHS (Lee Van Fleet). Terry Holder was named assistant pricipal of WBHS.

During the 1996-97 school year, Brown informally evaluated the plaintiff's performance. Although he never sat down in her classroom while making his evaluations, he sometimes stood in the hallway and observed her classes through an open door. On other occasions, he entered her classroom for a few minutes as he delivered her paycheck. He observed the manner in which the plaintiff handled her students: loudness, rowdiness, disorder and disrespect in her classroom.

Brown was aware that the plaintiff had a heart problem, was losing weight and was having fainting spells during the 1996-97 school year. He was also aware that she possibly had anorexia. He knew that when the plaintiff fainted while on the job, it affected her performance. In March, he offered to give her time off if she needed such time. She declined the offer.

Brown perceived that the plaintiff was not a "team player."

Holder at WBHS informally evaluated the plaintiff's performance several times during the school year. He observed disruption in the classroom and students sleeping in class. It appeared to him that at times the plaintiff was distracted and inattentive to her teaching duties.

At the end of the school year, Brown, Van Fleet, and Holder recommended that the plaintiff's teaching contract, and those of three other non-tenured teachers, not be renewed. The superintendent in turn recommended the non-renewals to the BCBE, which accepted the recommendation.

The plaintiff never notified her principals, assistant principals, or the superintendent that she had a disability. She never requested an accommodation for her disability.

Had the plaintiff's teaching contract been renewed at the end of the 1996-97 school year, she would have obtained tenure with the defendant.

The plaintiff was rehired by the BCBE for the 1998-99 school year.

## Conclusions of Law

1. For purposes of the summary judgment motion, the plaintiff was regarded by her principals as having a disability. Harris v. H & W Contracting Co., 102 F.3d 516, 523 (11th Cir. 1996).

2. The plaintiff has established a prima facie case of disability discrimination. Swain v. Hillsborough Co. Sch. Bd., 146 F.3d 855, 857 (11th Cir. 1998).

3. The defendant has articulated legitimate, non-discriminatory reasons for the non-renewal of the plaintiff's contract - namely that her supervisors rated her unfairly and found her to be unsuited for tenured status.

4. The plaintiff has failed to prove that the defendant's articulated reasons were a pretext for disability discrimination. The evidence does not cast doubt on the reasons advanced by the defendant, and no reasonable trier of fact could find that the defendant's non-renewal was more likely motivated by an intent to discriminate against the plaintiff because she was regarded as having a disability.

By separate order, summary judgment shall be granted to the defendant.

DONE this \_\_\_\_31st\_\_\_\_ day of \_\_\_\_May\_\_\_\_, 1999.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON